# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN DAVIS, CDCR #P-62597,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>SILVIA GARCIA, et al.,<br><br>　　　　　　　　　　　Defendants. | Civil No.  07-0140 BEN (POR)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT AS FRIVOLOUS PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

## I.   Procedural History

On January 22, 2007, Plaintiff, an inmate currently incarcerated at High Desert State Prison in Susanville, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

The Court granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted. *See* June 4, 2007 Order at 8. In addition, the Court found that Plaintiff's Complaint was subject to sua sponte dismissal because it appeared from the face of Plaintiff's pleading that his claims were barred

1 by the statute of limitations. *Id.* at 5. Nonetheless, the Court provided Plaintiff with an
2 opportunity to file an amended pleading to correct the problems identified in the Court's Order.
3 *Id.* at 8. On July 5, 2007, Plaintiff filed his First Amended Complaint ("FAC") [Doc. No. 11].

## II.     Initial Screening per 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

////

1  "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121.  In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, it is clear that Plaintiff's First Amended Complaint fails to state a cognizable claim under 42 U.S.C. § 1983.  Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Plaintiff's First Amended Complaint is over three hundred pages and contains a rambling narrative in which he claims that there has been a conspiracy to murder him that began in the Fontana Superior Court in 1999.  (Compl. at 3.)  He further alleges that he was prevented from going to trial and forced to take a plea agreement in 1999 because he was "going through an inner spiritual transformation."  (*Id.* at 3-5.)  A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Here, the Court finds Plaintiff's claims to be frivolous under 1915(e)(2)(B) because they lack even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or "delusional." *Neitzke*, 490 U.S. at 325, 328.

////

////

Moreover, the Court finds that Plaintiff's First Amended Complaint is subject to sua sponte dismissal because it appears from the face of Plaintiff's pleading that his claims are barred by the statute of limitations. While Congress has provided no federal statute of limitations governing section 1983 claims, the Supreme Court has held that federal courts should use the forum state's single most appropriate statute of limitations applicable to personal injury actions for all section 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 269 (1985). Relying on *Wilson*, the Ninth Circuit has found that the one-year statute of limitations of California Code of Civil Procedure § 340(3)[1] is the most appropriate. *Usher v. City of Los Angeles*, 828 F.2d 556, 558 (9th Cir. 1987); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam). Federal law, however, determines when a section 1983 cause of action accrues. *Hardin v. Staub*, 490 U.S. 536, 543-44 (1989). Under federal law, a claim generally accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Elliot v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1996) (internal citations omitted).

While not entirely clear, it appears as though Plaintiff alleges that the actions by Defendants which allegedly violated his constitutional rights occurred from 2000 to 2002. However, Plaintiff filed this action on January 22, 2007, nearly five years after he claims that Defendants violated his constitutional rights.

Plaintiff does not allege any facts to suggest how or why California's one-year statute of limitations might be tolled for a period of time which would make his claims timely. *See, e.g.*, CAL. CODE CIV. P. § 352.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (finding that CAL. CODE CIV. P. § 352.1 tolls a California prisoner's personal injury claims accruing before January 1, 1995 for two years, or until January 1, 1995, whichever occurs later, unless application of the

---

[1] California Code of Civil Procedure § 340(3) provides a one-year statute of limitations on any civil action for "[l]ibel, slander, assault, battery, false imprisonment, seduction, injury or death from wrongful act or neglect . . . ." CAL. CIV. PROC. CODE § 340(3). On January 1, 2003, this code section was replaced with § 335.1 which now provides for a two-year statute of limitations for these actions. However, the longer period found in § 335.1 is inapplicable to Plaintiff's action. *See Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) (holding that under California law, an extension of a statute of limitations will not apply to claims already barred under the prior statute of limitations unless the Legislature explicitly provides for such an extension).

statute would result in a "manifest injustice."). Due to Plaintiff's incarceration, pursuant to *Fink*, Plaintiff's claims against Defendants, accruing in 2002, would be tolled for two years. California's one-year statute of limitations would then begin to run -- requiring Plaintiff to file this action against these Defendants no later than sometime in 2005.

Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). Under California law, however, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) the defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916. Here, however, Plaintiff has failed to plead any facts which, if proved, would support the equitable tolling of his claims. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993).

Accordingly, the Court finds that Plaintiff's First Amended Complaint must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Because it does not appear "at all possible that the plaintiff can correct the defect(s)" of his pleading, further leave to amend is **DENIED** as futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: August 20, 2007

Hon. Roger T. Benitez
United States District Judge